IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ESTATE OF DANNY VALENTINE-SHABAZZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0866 |
| | : | |
| JEFF FLYNN, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this **14th** day of **March, 2022**, because *pro se* Plaintiff Danny Amen Valentine-Shabazz has failed to sign his Complaint as required by Federal Rule of Civil Procedure 11,[1] and it further appearing that Valentine-Shabazz has submitted a Complaint to the Court without either paying the fees to commence a civil action or filing a motion to proceed *in forma pauperis*, it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to send a copy of the unsigned Complaint (ECF No. 1) to Valentine-Shabazz.[2]

---

[1] The Complaint was submitted without a handwritten signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

[2] The caption of the Complaint lists the Plaintiff as "The Estate of Danny Valentine-Shabazz." (*See* ECF No. 1.) The Court notes that "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654. In the context of an estate, "[i]f an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake," such that a non-attorney administrator or executor may not represent the estate. *Murray*, 901 F.3d at 171. Furthermore, because "only a natural person may qualify for

      2.       If Valentine-Shabazz seeks to proceed with this case, he shall sign the Complaint and return it to the Court within thirty (30) days of the date of this Order.  No summons shall issue at this time.

      3.       If Valentine-Shabazz seeks to proceed with this case, he must also, within thirty (30) days of the date of this Order, either (1) pay $402 (comprising the $350 filing fee and $52 administrative fee) to the Clerk of Court, or (2) file a motion to proceed *in forma pauperis*.

      4.       The Clerk of Court is **DIRECTED** to send Valentine-Shabazz an appropriate non-prisoner application to proceed *in forma pauperis*, bearing the civil action number of this case.  Valentine-Shabazz may use this form to seek leave to proceed *in forma pauperis* if he cannot afford to pay the fees to commence this case.

      5.       If Valentine-Shabazz fails to comply with this Order, his case may be dismissed without further notice for failure to prosecute.

      **BY THE COURT:**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

treatment *in forma pauperis* under [28 U.S.C.] § 1915," an estate may not proceed *in forma pauperis*.  See *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993); *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (*per curiam*) ("Because an estate is not a natural person, it may not . . . proceed [*in forma paupers*].").  Based on his numerous filings in this case, at this time, the Court construes the Complaint to present claims by Danny Amen Valentine-Shabazz as an individual litigant.  If an estate is the Plaintiff in this case, however, licensed counsel must enter an appearance on its behalf and it must pay the necessary fees to commence a civil action in this Court.